**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: ) | Case No. 06-10539 |
| ) | Bankruptcy Case No. 04-74636 |
| SHANNON D. SCHMAUS, ) | |
| ) | Arthur J. Tarnow |
| Debtor ) | District Judge |
| ) | |
| ─────────────────────────────── ) | |
| ) | |
| JASON E. SCHMAUS ) | |
| | |
| Defendant-Appellant, | |
| | |
| v. | |
| | |
| STUART GOLD, Trustee, | |
| | |
| Plaintiff-Appellee. | |

**ORDER AFFIRMING JUDGMENT OF BANKRUPTCY COURT**

This appeal arises out of an adversary proceeding before Bankruptcy Judge Phillip J. Shefferly. Plaintiff, the bankruptcy trustee, sued Defendant, the Debtor's brother, alleging that half of the proceeds from the sale of their home should have gone to the bankruptcy estate. Plaintiff argued that to the extent Defendant received any of his sister's share in addition to his one-half share, he engaged in a preferential or fraudulent transfer, and was liable to the Trustee for such amounts. More importantly, Plaintiff alleged that Defendant received the full net proceeds from the sale of the home, $31,197.16. The Bankruptcy Judge rejected Plaintiff's argument on the grounds that there was insufficient evidence to support such a contention.

In re: Schmaus
06-10539

On appeal, Appellant argues that the Bankruptcy Judge misconstrued Michigan real property law as to the rights and obligations of joint tenants with rights of survivorship and the doctrines of recoupment and unjust enrichment.

Appellee argues that Appellant admitted receiving all of the net proceeds from the sale of the real property and that he engaged in a preferential or fraudulent transfer.

The Court finds no clear error in the factual findings of the Bankruptcy Judge and no legal error in the judgment below. Therefore, for the reasons set forth in the trial opinion,

IT IS HEREBY ORDERED that the judgment of the Bankruptcy Court is AFFIRMED.

SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  June 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 30, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager